# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO.:

STEVEN LOBOSCO HAMMER,

    *Plaintiff*,

v.

BAPTIST HEALTH SYSTEM, INC. d/b/a
BETHESDA HOSPITAL and PALM BEACH
CREDIT ADJUSTORS, INC. d/b/a FOCUS
FINANCIAL SERVICES,

    *Defendants*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff alleges Defendant Baptist Health System, Inc. d/b/a Bethesda Hospital ("Bethesda") violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff also alleges Defendant Palm Beach Credit Adjustors, Inc. d/b/a Focus Financial Services ("Focus") violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## PARTIES

1.     Plaintiff is a natural person and a resident of Pinellas County, Florida.

2.      Baptist is a Florida not-for-profit corporation with its principal address at 841 Prudential Dr. Suite 1802 Jacksonville, FL 32207.

3.      Focus is a Florida for-profit corporation with its principal address at 2815 Seacrest Blvd. Boynton Beach, FL 33435.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FDCPA claims arise under federal law, 15 U.S.C. § 1692 et seq., and under 15 U.S.C. § 1692k(d).

5.      This Court has supplemental jurisdiction over Plaintiff's FCCPA claim under 28 U.S.C. § 1367 because it arises from the same case or controversy as the FDCPA claims.

6.      This Court has personal jurisdiction because Defendants conduct business in Florida and their voluntary contact with Plaintiff for collection of the alleged debt in Florida made it foreseeable that Defendants would be haled into a Florida Court.

7.      Venue is proper because the alleged acts and transactions complained of occurred here and Defendants transacts and/or conducts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

8.      In 2024, Plaintiff suffered injuries in a motor vehicle accident.

9.     Plaintiff hired Warner & Fitzmartin, PLLC to represent him in connection with the accident.

10.    On or about October 11, 2024, Bethesda provided Plaintiff with emergency services and care for his injuries.

11.    At that time, Plaintiff had active health insurance through Blue Cross Blue Shield of Texas ("BlueCross") and Personal Injury Protection ("PIP") coverage.

12.    Bethesda received Plaintiff's PIP and health insurance information.

13.    Bethesda charged Plaintiff $4,368 for the medical care.

14.    Florida law imposed an obligation on Bethesda to submit the charges to Plaintiff's PIP insurer for reimbursement. Fla. Stat. § 627.736(5)(c).

15.    Once submitted, the PIP insurer could limit reimbursement of the medical charges to 80% of 200% of Medicare Part B. Fla. Stat. §627.736(5)(a)1.

16.    After the PIP insurer paid under that schedule, Bethesda could not "bill or attempt to collect from [Plaintiff] any amount in excess of such limits, except for amounts that are not covered by the insured's personal injury protection coverage due to the coinsurance amount or maximum policy limits." Fla. Stat. § 627.736(5)(a)4.

17.    Bethesda submitted a claim to Plaintiff's PIP insurance for payment of the medical care provided to Plaintiff.

18. On or about October 17, 2024, Plaintiff's PIP insurer reimbursed Bethesda $1,092 for the medical care provided to Plaintiff.

19. On information and belief, Bethesda received the PIP insurer's explanation of benefits reflecting that reimbursement.

20. After that reimbursement, the most Bethesda could lawfully seek from Plaintiff was the statutory coinsurance, a fraction of $3,276.

21. Bethesda also submitted the same $4,368 in charges to BlueCross.

22. BlueCross applied $2,685 in contractual discounts and reductions and paid Bethesda $1,683.

23. BlueCross's explanation of benefits stated that Plaintiff's patient responsibility was zero.

24. On information and belief, Bethesda received BlueCross's explanation of benefits.

25. Between the two insurers, Bethesda collected $2,775 on the same $4,368 in charges.

26. Plaintiff owed nothing on the BlueCross claim and, at most, the statutory coinsurance under PIP.

27. Despite these payments and the statutory bar, Bethesda demanded that Plaintiff pay $3,276.

28.   Bethesda is a sophisticated health care provider.

29.   It regularly bills personal injury protection insurers and routinely processes reimbursement under Florida's Motor Vehicle No-Fault Law.

30.   Bethesda knew the PIP statute capped its reimbursement at 80% of the schedule of maximum charges. Fla. Stat. § 627.736(5)(a)1.

31.   Bethesda knew the same statute barred it from collecting from Plaintiff any amount above those limits, save the coinsurance and any amount above the policy limit. Fla. Stat. § 627.736(5)(a)4.

32.   Bethesda held both explanations of benefits in its files.

33.   One capped Plaintiff's exposure at the coinsurance, the other zeroed it, and neither permitted Bethesda to collect $3,276.

34.   Bethesda made its demand knowing Plaintiff did not owe the money.

35.   Bethesda did not stop with its own demand, it referred the debt to Focus for collection.

36.   By placing a debt it knew Plaintiff did not owe with a collection agency, Bethesda attempted to collect that debt.

37.   Focus pursued the debt as Bethesda's agent and for Bethesda's benefit.

38.    Bethesda authorized and directed Focus to demand the debt from Plaintiff.

39.    Focus mailed collection letters directly to Plaintiff demanding payment of $3,276.

40.    Focus then reported the debt to one or more consumer reporting agencies as a past-due balance on Plaintiff's credit.

41.    Focus acted within the authority Bethesda gave it when it mailed those letters and reported the debt.

42.    Any amount Focus recovered would flow to Bethesda, less Focus's fee.

43.    Bethesda accepted the benefit of Focus's collection efforts and continued to use Focus to pursue the debt.

44.    Through Focus, Bethesda continued to attempt to collect from Plaintiff a debt it knew he did not owe.

45.    Defendants' conduct injured Plaintiff in concrete ways.

46.    Focus furnished the false $3,276 past-due account to one or more consumer reporting agencies.

47.    The false account appeared as a derogatory, past-due item on Plaintiff's consumer credit file.

48. On information and belief, the consumer reporting agencies disseminated the false account to third parties who requested Plaintiff's credit information.

49. The reporting lowered Plaintiff's credit score and creditworthiness and harmed his reputation.

50. Plaintiff also lost time and money disputing the account, gathering and transmitting records, and consulting counsel about his rights.

51. Plaintiff suffered worry and frustration from being pursued for a debt he did not owe.

## COUNT I-BETHESDA'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9), FLA STAT.

52. Plaintiff is a "consumer" as defined by § 559.55(8) because he is a natural person allegedly obligated to pay a debt for personal medical care.

53. Bethesda is a "person" as defined by the FCCPA because it attempted to collect a consumer debt from Plaintiff.

54. The $3,276 is a "debt" and "consumer debt" as defined by Fla. Stat. § 559.55(6) because it is an alleged obligation of a consumer to pay money arising from a transaction for personal medical care.

55.     Bethesda violated Fla. Stat. § 559.72(9). It claimed, attempted, and threatened to enforce the $3,276 debt against Plaintiff, directly and through its agent Focus, when it knew the debt was not legitimate.

56.     Bethesda knew the debt was not legitimate. The PIP statute capped Plaintiff's exposure at the coinsurance, the BlueCross adjudication reduced his patient responsibility to zero, and both explanations of benefits were in Bethesda's files when it demanded $3,276.

57.     Bethesda's conduct caused Plaintiff the concrete injuries alleged above, including the publication of false derogatory credit information through its agent Focus, lost time and money, and emotional distress.

58.     Bethesda is liable to Plaintiff for actual damages and statutory damages of up to $1,000, together with court costs and reasonable attorney's fees and all costs of Plaintiff's representation. Fla. Stat. § 559.77(2).

## COUNT II - FOCUS'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f

59.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

60.     Focus is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of its business is the collection of debts, and it regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another, including by use of the United States mail.

61. The $3,276 is a "debt" as defined by 15 U.S.C. § 1692a(5) because it is an alleged obligation to pay money arising from a transaction for personal, family, or household purposes, namely medical care.

62. Florida law prohibited collection of the $3,276 from Plaintiff. Fla. Stat. § 627.736(5)(a)4.

63. Focus violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt.

64. Focus violated 15 U.S.C. § 1692f(1) by attempting to collect an amount that is neither permitted by agreement nor by law.

65. Focus's conduct caused Plaintiff the concrete injuries alleged above, including the publication of false derogatory credit information, lost time and money, and emotional distress.

66. Focus is liable to Plaintiff for actual damages and statutory damages of up to $1,000, together with court costs and reasonable attorney's fees. 15 U.S.C. § 1692k.

## COUNT III-FOCUS'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

67.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

68.    Focus is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

69.    The $3,276 is a "debt" as defined by 15 U.S.C. § 1692a(5).

70.    Focus violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations and means in connection with collection of the alleged debt.

71.    Focus violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the alleged debt.

72.    Focus violated 15 U.S.C. § 1692e(8) by communicating credit information it knew or should have known was false, and by failing to communicate that the debt was disputed, when it reported the alleged debt to consumer reporting agencies.

73.    Focus violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect the alleged debt.

74.    Focus's conduct caused Plaintiff the concrete injuries alleged above, including the publication of false derogatory credit information, lost time and money, and emotional distress.

75.     Focus is liable to Plaintiff for actual damages and statutory damages of up to $1,000, together with court costs and reasonable attorney's fees. 15 U.S.C. § 1692k.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants for all of the following:

A. Actual damages;

B. Statutory damages under Fla. Stat. § 559.77(2);

C. Injunctive and declaratory relief;

D. Reasonable attorneys' fees and costs under Fla. Stat. § 559.77(2);

E. Prejudgment and postjudgment interest; and

F. Such other and further relief as the Court may see as just and proper.

Plaintiff respectfully demands trial by jury.

Dated: August 5, 2026,                    Respectfully submitted,


*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd, Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946